E-filed 8/4/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYLMINA E HETTINGA,<br><br>Plaintiff,<br><br>v.<br><br>STUART J. SCOTT, et al.,<br><br>Defendants. | Case No.17-cv-04387-HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Wylmina Hettinga ("Hettinga") sues Judge Stuart J. Scott, Walter Hammon, Timothy Loumena, and Peter Park, alleging violations of her constitutional rights. Dkt. No. 1. Hettinga has also applied to proceed in forma pauperis. Dkt. No. 2.

The court grants Hettinga's application to proceed in forma pauperis. As no party has yet consented to or declined magistrate judge jurisdiction, the undersigned orders that this case be reassigned to a district judge. For the reasons explained below, the undersigned recommends that the newly assigned district judge dismiss this case for lack of subject-matter jurisdiction.

**BACKGROUND**

Hettinga alleges that she is the biological mother of a child with severe mental health problems that are not being treated. Dkt. No 1. She and Defendant Loumena appear to be involved in a custody dispute before Judge Scott in which Defendant Hammon represents the child. Hettinga asserts that Judge Scott, "without any notice or due process," canceled her visitation rights and vacated the dates previously set for a custody trial. *Id.* She accuses Defendants Hammon, Loumena, and Scott of (1) colluding to deny her constitutional right to

companionship, (2) presenting false evidence to the superior court (Hammon and Loumena), and (3) inventing facts (Judge Scott). *Id.* The remaining Defendant, Peter Park, an employee at Hettinga's child's school, allegedly intentionally misinterpreted court orders to keep Hettinga from exercising her visitation rights. Hettinga seeks damages of $1,000 per day for each day that she was denied her rights from each Defendant except Judge Scott. *Id.*

Hettinga attaches several documents to her complaint. These attachments include (1) a "Seized Asset Claim Form" claiming her child as a seized asset; (2) a "Findings and Order After Hearing" from the Santa Clara County Superior Court, in which Judge Scott orders that "[t]here shall be no visitation schedule at this time," vacates the trial dates, and continues the matter for a review hearing in September 2017; and (3) a notice by Plaintiff that "her property, her son, has been seized in violation of her 14th Amendment due process rights." Dkt. No. 1. Plaintiff asserts that federal jurisdiction is premised on the presence of a federal question, and states: "18 U.S.C. Section 983 proceedings were done unlawfully, without notice and in complete disregard for federally protected guaranteed constitutional rights for Plaintiff and [her child]." *Id.*

**DISCUSSION**

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "grant[] or deny[] IFP status based on the plaintiff's financial resources alone and then independently determine[] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Hettinga qualifies financially for IFP status, and the court therefore grants her IFP application. Even so, the undersigned recommends that the court dismiss the complaint for lack of subject-matter jurisdiction.

Hettinga's action amounts to a de facto appeal of a state court child custody order. Her constitutional claims are inextricably intertwined with the decisions of the state court. *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."). As a result, the court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Watkins v. Proulx*, 235 F. App'x 678, 679 (9th Cir. 2007); *Doe & Associates*, 252 F.3d at 1030 (*Rooker-Feldman* doctrine applies to interlocutory state court orders).

To the extent that Hettinga's claims are not barred by the *Rooker-Feldman* doctrine, there are other problems with her complaint. As Hettinga sues Defendants Hammon, Loumena, and Park for damages related to a violation of her constitutional rights, the undersigned construes her claim as arising under 42 U.S.C. Section 1983, which permits such actions. To state a claim under Section 1983, a plaintiff must allege the violation of a constitutional or federal statutory right and "must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "An individual acts under color of state law when he or she exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.*, at 1036 (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Hettinga has not plead any facts suggesting that Hammon and Loumena acted under color of state law, and so the undersigned recommends dismissing the claims against these Defendants.

The undersigned further recommends dismissing the claims as against Park, as Hettinga has not alleged facts to state a claim upon which relief may be granted against Park that is plausible on its face. She alleges that Park intentionally misinterpreted Superior Court orders to deny her of her visitation rights, but she does not state which court order(s) Park misinterpreted or how he misinterpreted it/them. Additionally, to the extent that Hettinga's claims against Park are actually challenges to the Superior Court's orders, such claims are barred by the *Rooker-Feldman* doctrine.

As for Judge Scott, Hettinga does not specify what relief she seeks against him. As

3

Hettinga states that she does not seek damages from Judge Scott, the undersigned assumes that she seeks injunctive relief. Such relief, however, is not available from judicial officers for acts or omissions taken in their judicial capacities. 42 U.S.C. § 1983.

Finally, the undersigned concludes that Hettinga's claims related to 18 U.S.C. Section 983 are frivolous, as the undersigned is not aware of any authority suggesting that a child may be an asset subject to a civil forfeiture proceeding.

## CONCLUSION

The undersigned grants Hettinga's application to proceed in forma pauperis and orders that this case be reassigned to a district judge. For the reasons explained above, the undersigned recommends that the district judge dismiss the complaint. As amendment would not cure the *Rooker-Feldman* problems, the undersigned recommends that the dismissal be without leave to amend. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**SO ORDERED AND RECOMMENDED.**

Dated: 8/4/2017

HOWARD R. LLOYD
United States Magistrate Judge